UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN SANCHEZ,<br>CDCR #AE-7960,<br><br>          Plaintiff,<br><br>    vs.<br><br>DOES 1-20, Correctional Officers;<br>DOES 21-50, Medical Staff; DOES 51-75,<br>Administrative Staff; DANIEL PARAMO,<br>Warden; CAMACHO, Correctional Officer;<br>CDCR; JEFF MACOMBER, Secretary,<br><br>          Defendants. | Case No: 24-cv-01591-BAS-DDL<br><br>**ORDER:**<br><br>**(1) GRANTING MOTIONS FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND TO FILE AMENDED COMPLAINT; AND**<br><br>**(2) DISMISSING AMENDED COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2) AND 28 U.S.C. § 1915A(b)(1)**<br><br>**[ECF Nos. 2, 9]** |

  While incarcerated at Salinas Valley State Prison ("SVSP"), Plaintiff Juan Sanchez, proceeding without counsel, filed this civil rights action pursuant to 42 U.S.C. § 1983 in the Northern District of California, together with a motion to proceed *in forma pauperis* ("IFP"). (*See* ECF Nos. 1, 2.) Because Plaintiff alleges correctional officials at Richard J. Donovan Correctional Facility ("RJD") violated his constitutional rights when he was housed there in August 2019, the case was transferred to this Court pursuant to 28 U.S.C. § 1406(a). (*See* ECF No. 5.)

- 1 -

24cv1591

Pending before the Court are Plaintiff's Motion for Leave to Proceed IFP (ECF No. 2) and subsequent Motion seeking leave to file a proposed Amended Complaint (*See* ECF No. 9, 9-1). For the reasons explained below, the Court **GRANTS** both Plaintiff's Motions, but **DISMISSES** his Amended Complaint *sua sponte* with leave to amend as untimely.

## I.     IFP MOTION

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a failure to pay the entire fee at the time of filing only if the court grants the Plaintiff leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *cf. Hymas v. U.S. Dep't of the Interior*, 73 F.4th 763, 765 (9th Cir. 2023) ("[W]here [an] IFP application is denied altogether, Plaintiff's case [cannot] proceed unless and until the fee[s] [a]re paid.").

"While the previous version of the IFP statute granted courts the authority to waive fees for any person 'unable to pay[,]' . . . the PLRA [Prison Litigation Reform Act] amended the IFP statute to include a carve-out for prisoners: under the current version of the IFP statute, 'if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee.'" *Hymas*, 73 F.4th at 767 (quoting 28 U.S.C. § 1915(b)(1)). Section 1915(b) "provides a structured timeline for collecting this fee." *Id.* (citing 28 U.S.C. § 1915(b)(1)-(2)).

To proceed IFP, prisoners must "submit[] an affidavit that includes a statement of all assets [they] possess[,]" as well as "a "certified copy of the[ir] trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $55. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule § 14 (eff. Dec. 1, 2023)). The additional $55 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

- 2 -

the filing of the complaint." 28 U.S.C. § 1915(a)(1), (2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). Using this financial information, the court "shall assess and when funds exist, collect, . . . an initial partial filing fee," which is "calculated based on 'the average monthly deposits to the prisoner's account' or 'the average monthly balance in the prisoner's account' over a 6-month term; the remainder of the fee is to be paid in 'monthly payments of 20 percent of the preceding month's income credited to the prisoner's account.'" *Hymas*, 73 F.4th at 767 (quoting 28 U.S.C. § 1915(b)(1)–(2)). Thus, while prisoners may qualify to proceed IFP without having to pay the statutory filing fee in one lump sum, they nevertheless remain obligated to pay the full amount due in monthly payments. *See Bruce v. Samuels*, 577 U.S. 82, 84 (2016); 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Here, Plaintiff's IFP Motion complies with both 28 U.S.C. § 1915(a)(1) and (2). In support, he has submitted a copy of his California Department of Corrections and Rehabilitation ("CDCR") Inmate Trust Account Statement Report. (*See* ECF Nos. 2, 4.) *See also* S.D. Cal. CivLR 3.2; *Andrews*, 398 F.3d at 1119. These documents show Plaintiff maintained an average monthly balance of $25.77 in his prison trust account and had $67.50 in average monthly deposits credited to his account over the 6-month period immediately preceding the filing of his Complaint. At the time of filing, Plaintiff's available balance was $33.96. (*See* ECF No. 4 at 1–2.)

Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 2) and assesses an initial partial filing fee of $13.50 pursuant to 28 U.S.C. § 1915(b)(1). However, this initial fee need be collected only if sufficient funds are available in Plaintiff's account at the time this Order is executed. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds

available to him when payment is ordered."). The CDCR must thereafter collect the full balance of the $350 total fee owed in this case and forward payments to the Clerk of the Court as provided by 28 U.S.C. § 1915(b)(2).

## II. MOTION FOR LEAVE TO FILE

On October 28, 2024, soon after the case was transferred, but before this Court had an opportunity to rule on Plaintiff's IFP motion or conduct its initial screening of his Complaint as required by 28 U.S.C. §§ 1915(e)(2) and 1915A, Plaintiff filed a Motion seeking leave to amend pursuant to Fed. R. Civ. P. 15(a) (ECF No. 9), together with a proposed Amended Complaint. (*See* ECF No. 9-1.)

"A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(A), (B). Otherwise, a party must seek the opposing party's written consent or leave of court to amend a pleading. Fed. R. Civ. P. 15(a)(2); *Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1006 (9th Cir. 2015).

Here, while leave to amend is not required as Plaintiff's case is still in its preliminary stages, his original Complaint has yet to be screened, and no party has been served, the Court nevertheless **GRANTS** Plaintiff's Motion for Leave to file his proposed Amended Complaint (ECF No. 9). *See e.g., Williams v. Dumanis*, No. 3:16-CV-1303-WQH-NLS, 2016 WL 6893600, at *3 (S.D. Cal. Nov. 22, 2016) (granting pro se prisoner's motion for leave to amend to add new parties and claims during initial screening stage "even though the Court's permission to amend was not required" under Rule 15(a)(1).) Because Plaintiff's Amended Complaint (ECF No. 9-1) supersedes his original Complaint, it now serves as the operative pleading in this case, and it is that pleading which the Court must now screen pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. *See Ramirez*, 806 F.3d at 1008 ("[A]n amended complaint supersedes the original, the latter being treated thereafter as non-existent." (internal quotation mark and

citation omitted)).

### III.   SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2) AND § 1915A

#### A.   Standard of Review

The Court must conduct a *sua sponte* review and dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Williams v. King*, 875 F.3d 500, 502 (9th Cir. 2017) (discussing 28 U.S.C. § 1915(e)(2)) (citing *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citation omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Federal Rules of Civil Procedure 8(a) and 12(b)(6) together require that a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. And while the court "ha[s] an obligation where the petitioner is pro se, particularly in a civil rights case, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents*

*of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Title 42 U.S.C. § 1983 "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

**B.     Factual Allegations in the Amended Complaint**

Sometime in August 2019, while he was incarcerated at RJD, Plaintiff alleges he witnessed another prisoner being beaten by Correctional Officer Camacho and Does 1–20. (*See* ECF No. 9-1 at 5.) After Plaintiff alleges he shouted "Hey, leave him alone! That's enough!" Camacho and Does 1–20 approached and ordered him to "cuff up." (*Id.*) When Plaintiff protested on free speech grounds, he claims Camacho replied: "Oh, oh, you're going to stab me?" Plaintiff was then escorted to holding cages in the gym, and when he again asked the officers "Why did you guys do that to my friend?" Camacho and Does 1–20 allegedly "responded by striking [him] in the face and head approximately 7 times" and punching his torso and rib cage. (*Id.* at 5–6.) Plaintiff further alleges Defendant Does 21–50 failed to summon medical care for three hours after the assault, but eventually transferred him to an outside hospital where he was treated for a fractured skull, broken ribs, black eyes, a broken nose, and a concussion. (*Id.* at 6.)

After three days of hospitalization, Plaintiff alleges he was returned to RJD, placed in administrative segregation, and issued a "false" disciplinary "RVR" (rules violation report) for battery on a peace officer. (*Id.*) He contends Does 21–50 again failed to provide him adequate medical care, and Does 51–75 violated his due process rights during the disciplinary proceedings that followed. (*Id.* at 7–8.) Plaintiff also alleges Does 1–20 threatened to "beat his ass" if he filed a grievance related to these events. (*Id.* at 7.) After he was found guilty, Plaintiff was transferred to New Folsom State Prison, where he served 7-months in a segregated housing unit ("SHU"), and was "given an

additional (2) years extension of his sentence." (*Id.* at 7.)

### C. Discussion

Plaintiff filed his original Complaint on August 26, 2024, but the incidents giving rise to his causes of action arose five years before. Because his Amended Complaint contains only claims that are untimely on its face, and he fails to allege facts sufficient to show he is entitled to either statutory or equitable tolling, Plaintiff's case is subject to *sua sponte* dismissal in its entirety for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii) and 1915A(b)(1).

"A claim may be dismissed [for failing to state a claim] on the ground that it is barred by the applicable statute of limitations only when 'the running of the statute is apparent on the face of the complaint.'" *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (quoting *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006)). "A complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Id.* (quoting *Supermail Cargo, Inc. v. U.S.*, 68 F.3d 1204, 1206 (9th Cir. 1995)); *see also Cervantes v. City of San Diego*, 5 F.3d 1273, 1276–77 (9th Cir. 1993) (where the running of the statute of limitations is apparent on the face of a complaint, dismissal for failure to state a claim is proper, so long as Plaintiff is provided an opportunity to amend in order to allege facts which, if proved, might support tolling); *see also Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 216 F.3d 764, 788 (9th Cir. 2000) (court may *sua sponte* raise statute of limitations defense).

Section 1983 contains no specific statute of limitation; therefore, federal courts apply the forum state's statute of limitations for personal injury actions. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004); *Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004); *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999). Before 2003, California's statute of limitations was one year. *Jones*, 393 F.3d at 927. Effective January 1, 2003, the limitations period was extended to two. *Id.* (citing Cal. Civ. Proc. Code § 335.1). The law of the forum state also governs tolling. *Wallace v. Kato*, 549 U.S. 384, 394

(2007) (citing *Hardin v. Straub*, 490 U.S. 536, 538–39 (1989)); *Jones*, 393 F.3d at 927 (where the federal court borrows the state statute of limitation, the federal court also borrows all applicable provisions for tolling the limitations period found in state law).

Under California law, the statute of limitations for prisoners serving less than a life sentence is tolled for an additional two years. *See* Cal. Civ. Proc. Code § 352.1(a); *Johnson v. California*, 207 F.3d 650, 654 (9th Cir. 2000), *overruled on other grounds*, 543 U.S. 499 (2005). Accordingly, the effective statute of limitations for *most* California prisoners is three years for claims accruing before January 1, 2003 (one year limitations period plus two year statutory tolling), and four years for claims accruing thereafter (two year limitations period plus two years statutory tolling).

Unlike the length of the limitations period, however, "the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." *Wallace*, 549 U.S. at 388; *Hardin*, 490 U.S. at 543–44 (federal law governs when a § 1983 cause of action accrues). "Under the traditional rule of accrual . . . the tort cause of action accrues, and the statute of limitation begins to run, when the wrongful act or omission results in damages." *Wallace*, 549 U.S. at 391. Put another way, "[u]nder federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Maldonado*, 370 F.3d at 955; *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999).

In this case, the "wrongful acts" alleged to have been taken against Plaintiff occurred five years before he filed this civil action on August 26, 2024. Thus, they fall outside California's statute of limitations—even if the Court presumes he is serving a prison term of less than life and remained incarcerated for 2 years following the August 2019 incident and is therefore entitled to statutory tolling pursuant to Cal. Code Civ. Proc. § 352.1(a). *Wallace*, 591 U.S. at 391; *see also Maldonado*, 370 F.3d at 955; Cal. Code Civ. Proc. § 335.1 (tolling statute of limitations "for a maximum of 2 years" during a prisoner's incarceration); *Jones*, 393 F.3d at 927. Specifically, Plaintiff alleges Defendants used excessive force against him sometime in August 2019, failed to provide

him adequate medical care, and filed false disciplinary charges against him afterward. (*See* ECF No. 9-1 at 5–8.) Based on these allegations, the Court concludes Plaintiff first had "reason to know" of his injuries sometime in August 2019 when he claims to have been beaten, and five years before he filed suit. *See Maldonado*, 370 F.3d at 955.

Plaintiff's claims could be considered timely if, in his Complaint, he alleged facts sufficient to show the limitations period may be equitably tolled. *See Cervantes*, 5 F.3d at 1276–77. Generally, federal courts also apply the forum state's law regarding equitable tolling. *Fink*, 192 F.3d at 914; *Bacon v. City of Los Angeles*, 843 F.2d 372, 374 (9th Cir. 1988). Under California law, however, he must meet three conditions to equitably toll the statute of limitations: (1) he must have diligently pursued his claim; (2) his situation must be the product of forces beyond his control; and (3) Defendants must not be prejudiced by the application of equitable tolling. *See Hull v. Central Pathology Serv. Med. Clinic*, 28 Cal. App. 4th 1328, 1335 (Cal. Ct. App. 1994); *Addison v. State of California*, 21 Cal.3d 313, 316-17 (Cal. 1978); *Fink*, 192 F.3d at 916.

As currently pleaded, however, the Court finds Plaintiff has failed to plead any facts which, if proved, would support any plausible claim for equitable tolling.[2] *See Cervantes*, 5 F.3d at 1277; *Iqbal*, 556 U.S. at 679. Thus, because it is clear from the face of Plaintiff's pleading that his federal claims for relief against all Defendants are barred by the statute of limitations,[3] his Amended Complaint is subject to *sua sponte* dismissal

---

[2] Plaintiff may be entitled to tolling while he exhausted available administrative remedies as required by 42 U.S.C. § 1997e(a). *See Brown v. Valoff*, 422 F.3d 926, 943 (9th Cir. 2005). However, Plaintiff's Amended Complaint currently contains only vague and inconsistent references regarding his efforts to exhaust. (*See e.g.* ECF No. 9-1 at 7 (noting Plaintiff "attempted to file grievances" via another prisoner after the completion of his SHU term but his failure to "recall if these grievances were ever processed.") *cf.* ECF No. 9-1 at 8 (alleging "full[] exhaust[ion] [of] his administrative remedies" and the "refil[ing] again at Salinas Valley State Prison," but including no dates or CDCR 602 inmate appeal log numbers).) Without more, these allegations are insufficient to support equitable tolling under *Brown*. *See Cervantes*, 5 F.3d at 1277.

[3] In addition to his federal causes of action, Plaintiff also alleges a supplemental state law claim under California's Bane Act. (*See* ECF No. 9-1 at 12–13.) Because his federal claims are all subject to dismissal, however, the Court exercises its discretion to dismiss Plaintiff's pendent state law claims

for failing to state a claim upon which section 1983 relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); 1915A(b)(1); *Watison*, 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1121.

### D. Leave to Amend

While Plaintiff's suit is untimely, the Court grants him leave to amend once more. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)); *Cervantes*, 5 F.3d at 1277 (noting that a time-barred action may not ordinarily be dismissed at pleading without leave to amend unless "some fact, evident from the face of the complaint, support[s] the conclusion that the plaintiff could not prevail, as a matter of law, on the equitable tolling issue.").[4]

///

///

---

without prejudice. *See Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) ("A district court 'may decline to exercise supplemental jurisdiction' if it 'has dismissed all claims over which it has original jurisdiction.'" (quoting 28 U.S.C. § 1367(c)(3))).

[4] Should Plaintiff elect to amend, he is further advised that except as to Officer Camacho, his current pleading fails to adequately plead individual liability on the part of any of the Doe Defendants, Warden Paramo, or CDCR Secretary Macomber. To establish individual liability under 42 U.S.C. § 1983, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" *Hydrick v. Hunter*, 669 F.3d 937, 942 (9th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 676). And while Plaintiff "may refer to unknown defendants as … John Doe 1, John Doe 2, …and so on, [] he must allege specific facts showing how each particular doe defendant violated his rights." *Cuda v. Emps./Contractors/Agents at or OCCC*, No. CV 19-00084 DKW-KJM, 2019 WL 2062945, at *4 (D. Haw. May 9, 2019). Plaintiff may not attribute liability to a group of unidentified defendants as he has; rather, he must "set forth specific facts'" as to how each individual defendant caused him constitutional injury. *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). In addition, to the extent Plaintiff seeks damages based on alleged violations of due process resulting in a disciplinary conviction that he admits affected the length of his sentence, *see* ECF No. 9-1 at 7, he must also allege that conviction has already been invalidated. *See Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005) ("*Heck* specifies that [one] cannot use § 1983 to obtain damages where success would necessarily imply the unlawfulness of a (not previously invalidated) conviction or sentence."); *Muhammad v. Close*, 540 U.S. 749, 751 (2004) (per curiam) ("[W]here success in a prisoner's § 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence.").

## IV. CONCLUSION

For the reasons explained, the Court:

(1) **GRANTS** Plaintiff's Motions to Proceed IFP pursuant to 28 U.S.C. § 1915(a) and for Leave to File an Amended Complaint (ECF Nos. 2, 9).

(2) **DIRECTS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's trust account the $13.50 initial filing fee assessed, *if those funds are available at the time this Order is executed*, and to forward whatever balance remains of the full $350 owed in monthly payments pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

(3) **DIRECTS** the Clerk of the Court to serve a copy of this Order by U.S. Mail on Jeff Macomber, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001, or by forwarding an electronic copy to trusthelpdesk@cdcr.ca.gov.

(4) **DISMISSES** Plaintiff's Amended Complaint *sua sponte* for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

(5) **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to file a Second Amended Complaint which cures the deficiencies of pleading noted. Plaintiff's Second Amended Complaint must be complete by itself without reference to either of his prior complaints. Defendants not named and any claim not re-alleged in the Second Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered . . . waived if not repled.").

If Plaintiff fails to file a Second Amended Complaint within 45 days, the Court will enter a final Order dismissing this civil action based both on his failure to state a

1  claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii) and 1915A(b)(1) and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED**.

Dated: January 14, 2025

_____
Hon. Cynthia Bashant
United States District Judge