UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN SANCHEZ,<br><br>                        Plaintiff,<br><br>   v.<br><br>DANIEL PARAMO, Warden; CAMACHO, Correctional Officer; CDCR; JEFF MACOMBER, Secretary; DOES 1-20, Correctional Officers; DOES 21-50, Medical Staff; DOES 51-75, Administrative Staff,<br><br>                        Defendants. | Case No: 24-cv-01591-BAS-DDL<br><br>**ORDER DISMISSING CIVIL ACTION FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2) AND 1915A(b) AND FOR FAILURE TO PROSECUTE IN COMPLIANCE WITH COURT ORDER** |

      In this civil rights action filed pursuant to 42 U.S.C. § 1983, pro se Plaintiff Juan Sanchez alleged correctional officials at Richard J. Donovan Correctional Facility violated his constitutional rights while he was incarcerated there in 2019. (*See* ECF No. 9-1 at 5–8.) On January 15, 2025, the Court granted Sanchez's motions for leave to proceed *in forma pauperis* ("IFP") and to amend his complaint but screened his amended pleading pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A and dismissed it as barred by the statute of limitations. (*See* ECF No. 10.) While the untimeliness of Sanchez's claims was clear from the face of his amended complaint, the Court notified him of his pleading deficiencies and

granted him 45 days leave in which to amend once more.  (*Id.* at 10–11.)  The Court cautioned Sanchez, however, that his failure to act would result in dismissal of this action both for failure to state a claim and for failure to prosecute.  (*Id.* at 11–12.)

To date, Sanchez has failed to comply with the Court's Order and has not requested an extension of time in which to do so.[1]  "The failure of the plaintiff eventually to respond to the court's ultimatum—either by amending the complaint or by indicating to the court that [he] will not do so—is properly met with the sanction of a Rule 41(b) dismissal."  *Edwards v. Marin Park*, 356 F.3d 1058, 1065 (9th Cir. 2004).

## CONCLUSION

Accordingly, the Court **DISMISSES** this civil action in its entirety based on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) and his failure to prosecute as required by the Court's January 15, 2025 Order.  The Court further **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) and **DIRECTS** the Clerk of the Court to enter a final judgment of dismissal and close the file.

**IT IS SO ORDERED**.

**DATED: April 23, 2025**

Hon. Cynthia Bashant, Chief Judge
United States District Court

---

[1]  The Court's January 15, 2025 Order, which was mailed to Sanchez at the address he provided when filing this case—Salinas Valley State Prison ("SVSP")—was returned as undeliverable by the U.S. Postal Service on February 3, 2025.  (*See* ECF No. 11.)  Because the return envelope contained a notation of "MCSP" and indicated the mail had been "refused" at SVSP, *see id.* at 2, the Court presumed it was because Sanchez had since been transferred to Mule Creek State Prison.  Therefore, in an abundance of caution, the Court directed the Clerk to resend a copy of its Order to Sanchez at MCSP on February 7, 2025.  (*See* Staff Notes dated 2/7/25.)  The docket does *not* reflect that the February 7, 2025 remailing was refused or returned undeliverable.  Nevertheless, Sanchez has not filed a notice of change of address at any time before or since the Court's initial mailing was returned undelivered on February 3, 2025.  *See* S.D. Cal. Civil Local Rule 83.11.b ("A party proceeding pro se must keep the Court and opposing parties advised as to current address.  If mail directed to a pro se plaintiff by the Clerk at the plaintiff's last designated address is returned by the Post Office, and if such plaintiff fails to notify the Court and opposing parties within 60 days thereafter of the plaintiff's current address, the Court may dismiss the action without prejudice for failure to prosecute.").